IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CURTIS LEE SMITH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-05-3153 |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, TEXAS | § | |
| DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| CORRECTIONAL INSTITUTIONS | § | |
| DIVISION, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER GRANTING
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Pending in this proceeding brought pursuant to 28 U.S.C. § 2254 is Respondent's Motion for Summary Judgment (Document No. 12), in which Respondent argues that Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) should be dismissed as time-barred, and, in the alternative, on the merits. Having considered Respondent's motion, the claims Petitioner raises in this proceeding[1], the state court records, and the applicable law, the Court ORDERS,[2] for the reasons set forth below, that Respondent's Motion for Summary Judgment is GRANTED, and this § 2254 proceeding is dismissed as time-barred under 28 U.S.C. § 2244(d), and, alternatively, DISMISSED WITH PREJUDICE on the merits.

---

[1]ADD APPROPRIATE LANGUAGE CONVEYING... On 1/5/06 Petitioner was ordered to file a response to any dispositive motion filed by the respondent, within thirty (30) days. The petitioner's failure to file a response on its own could have resulted in dismissal of this action for want of prosecution under Rule 41(b), Fed. R. Civ. P.

[2] On April 25th, 2006, pursuant to the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 14.

**I.     Procedural History**

Petitioner Curtis Lee Smith ("Smith") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-ID"), as a result of an aggravated robbery offense in the 262nd District Court of Harris County, Texas, Causes No. 315560 and 315661. (Document No. 8); *Ex Parte Smith*, Application No. 60, 309-01 at 46-48; Ex. A. (TDCJ commitment inquiry)[3]  Smith was charged with that offense on April 19, 1980[4], was found guilty by a jury on August 7, 1980[5], and was sentenced to thirty years incarceration. Smith appealed his conviction and sentence to Texas' First Court of Appeals. In a published opinion[6], entered on August 6, 1982, the Court of Appeals affirmed the District Court's judgment.[7]  Smith is not challenging the validity of these convictions[8] in this proceeding.

On September 2, 2004, Smith filed a state application for writ of habeas corpus which was denied on September 29, 2004 by the 262nd District Court of Harris County. On October 20, 2004, Smith's state application for writ of habeas corpus was denied by the Texas Court of Criminal

---

[3] 1) verify citation, and 2) what was the second cause?

[4] Verify; is this grand jury date, or date of charge?

[5] Motion says conviction September 4, 1980

[6] Verify that it was published: p. 35 of state ct record says RECORDED vol. 10 page 202 (?)

[7] 1) citation, and 2) Did Smith appeal to Texas Court of Criminal Appeals?

[8] 1 or 2 convictions? Concurrent sentences

Appeals without written order on the findings of the state trial court without a hearing. This § 2254 proceeding, filed by Smith on September 3, 2005[9] followed.

In this proceeding, Smith is challenging the loss of street time credits upon revocation of his parole on due process, double jeopardy and broad constitutional grounds. He also claims that he should be reimbursed for restitution fees that he paid while on parole. In an Order entered on November 1, 2005 (Document No. 3), all but Smith's due process claim were dismissed. As for the due process claim, Respondent was ordered to file an answer or other responsive pleading. Respondent has filed a Motion for Summary Judgment (Document No. 12), arguing that the claims raised in this proceeding are time-barred, and alternatively, that no relief is available to Smith on his due process claim. As petitioner did not file a response in opposition to the Motion for Summary Judgment as ordered....[10]

## II.   Discussion – Limitations

Under 28 U.S.C. § 2244(d), applicants for federal habeas corpus relief are subject to a one year limitations period as follows:

---

[9] Does this section apply here? Smith did not date his app. Only dates available are Sept 3, 2005 (mail stamp) and Sept 6, 2005 (date filed). –> For purposes of § 2244(d)'s limitation period, Weaver's § 2254 application is deemed to have been filed on the date he placed the application in the mail system for filing. *See Houston v. Lack*, 487 U.S. 266 (1988) (announcing a "mailbox rule" for *pro se* prisoner filings, whereby a prisoner's *pro se* filing is deemed filed as of the date such filing is entrusted to the prison mail system); *Spotville v. Cain*, 149 F.3d 374, 376-77 (5th Cir. 1998) (holding, in reliance on *Lack*, that "a habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing"). Weaver's § 2254 application was signed and dated October 25, 2004, and is file-stamped as having been received by the Clerk on October 28, 2004. For purposes of calculating the limitations period, October 25, 2004, is determined to be the date that Weaver placed his § 2254 application in the prison mail system for filing.

[10] Insert Proper Language.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(D), the limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The factual predicate, the forfeiture of his street time credits, became known to Smith upon revocation of his parole on November 13, 2002. Smith then had, under § 2244(d), one year from November 13, 2002, until November 13, 2003, not including tolling considerations, to file a timely § 2254 application. The AEDPA also provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). Smith's state application for writ of habeas corpus was filed by him on September 2, 2004, which was well after his November 13, 2003 federal deadline had expired. *Ex*

*Parte Smith* at 2.  This § 2254 proceeding, filed by Smith on September 6, 2005, was filed beyond the one year limitations period and is time-barred.

Rare and exceptional circumstances may warrant the application of equitable tolling[11] principles to a late-filed habeas corpus application.  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1999), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000).  In addition, "garden variety claims of excusable neglect" will not warrant the application of equitable tolling.  *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002).

The Fifth Circuit has approved of equitable tolling in very limited circumstances, "'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"  *Fierro v. Cockrell*, 294 F.2d 674, 682 (5th Cir. 2002) (quoting *Coleman*, 184 F.3d at 402).  In *Davis*, the district court dismissed Davis' habeas corpus application as time-barred despite the court's previous orders which had granted Davis additional time to file his habeas corpus application.  The Fifth Circuit considered that those seemingly inconsistent rulings by the district court constituted exceptional circumstances which warranted the application of equitable tolling principles.  *Davis*, 158 F.3d at 808, 811-12.  Somewhat similarly, in *United States v. Patterson*, 211 F.3d 927 (5th Cir. 2000), the Fifth Circuit held rare and exceptional circumstances existed to warrant equitable tolling where the petitioner was under the mistaken impression that he had until April 30, 1998, to file a timely § 2255 motion to vacate, and where that mistaken impression was furthered by the District Court who initially and incorrectly

---

[11]Should equitable tolling be included when not argued by the petitioner (in this case, no petitioner response)??

stated that the statute of limitations expired on April 30, 1998.  Finally, in *Alexander v. Cockrell*, 294 F.3d 626, 629-630 (5th Cir. 2002), the Fifth Circuit concluded that the District Court had not abused its discretion by applying equitable tolling to a late-filed habeas corpus application where the Fifth Circuit's prior decision might have given the petitioner the "mistaken impression" that a subsequently filed habeas application would be timely.

Here, however, Smith has not at any point raised any rare or exceptional circumstances to warrant the application of equitable tolling.

*(((See Henderson v. Johnson*, 1 F.Supp.2d 650, 654 (N.D. Tex. 1998) ("tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time."). demonstrates a lack of diligence on Weaver's part.  While Weaver is correct that he diligently pursued his direct appeal remedies, including seeking a writ of certiorari with the United State Supreme Court, the twenty-six day delay between the dismissal of Weaver's first federal application for writ of habeas corpus and the filing of his state application for writ of habeas corpus does not constitute diligence. )))

### III.    Discussion - Street Time Credits

Even if Smith's claim were not time barred, the  The sole claim remaining in this case is Gaines' claim that he had a protected property interest in the retention of his street time upon the revocation of his parole.  Respondent argues in the Motion for Summary Judgment that Gaines has no such interest given his prior conviction for aggravated robbery, which renders § 508.283 of the Texas Government Code inapplicable to him.   Respondent further argues that the Texas Court of Criminal Appeals' rejection of this due process claim on that basis is not contrary to or an

unreasonable application of clearly established Federal law as determined by the Supreme Court nor is it based on an unreasonable determination of the facts in light of the evidence presented.

In 2001, the Texas Legislative amended § 508.283 of the Texas Government Code to allow for the retention of street time credit by some inmates. Section 508.283, however, does not apply to offenders convicted of certain offenses, including aggravated robbery. *See* TEX. GOV'T CODE § 508.283(b), (c); 508.149(a)(12). Here, while the record shows that Gaines is currently serving a sentence for the offense of felon in possession of a firearm, Gaines has previously been convicted of aggravated robbery. *See Ex Parte Gaines*, Application No. 33,206-03 at 32, 59. Because Gaines' prior aggravated robbery offense made him ineligible for the street time credit allowed for some offenders under § 508.283 of the Texas Government Code, Gaines had no protected property interest in the retention of his street time credits, and no right to due process in connection with the forfeiture of such street time credits. *See Wilson v. Quarterman*, 2006 WL 1737534 (S.D. Tex. 2006). Gaines' remaining due process claim therefore fails on the merits and under § 2254(d).

**IV.**   **Conclusion and Order**

Based on the foregoing and the conclusion that Weaver's § 2254 application was not timely filed under 28 U.S.C. § 2244(d) and that equitable tolling of the limitations period is not available, the Court

ORDERS that Respondent's Motion for Summary Judgment (Document No. 9) is GRANTED, Petitioner Steven Louis Weaver's Federal Application for Writ of Habeas Corpus

(Document No. 1) is DENIED, and this § 2254 proceeding is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 2244(d) as time-barred.[12]  It is further

ORDERED that a Certificate of Appealability is DENIED.  A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.* at 484; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.), *cert. denied*, 534 U.S. 945 (2001).  When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.  A district court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

A court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

---

[12] Nothing in this Memorandum and Order precludes Weaver from seeking reinstatement of his prior federal application for writ of habeas corpus, Civil Action No. H-03-1415.

For the reasons set forth herein, the Court determines that reasonable jurists would not find it debatable whether equitable tolling should apply in this case. Therefore, a Certificate of Appealability will not issue.

Signed at Houston, Texas, this 28th day of February, 2007.

_____
Frances H. Stacy
United States Magistrate Judge

Case 4:05-cv-03153   Document 18   Filed in TXSD on 02/28/07   Page 10 of 10