IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CURTIS LEE SMITH, | § |
| | § |
| Petitioner, | § |
| | § |
| V. | § CIVIL ACTION NO. H-05-3153 |
| | § |
| DOUGLAS DRETKE, DIRECTOR, TEXAS | § |
| DEPARTMENT OF CRIMINAL JUSTICE, | § |
| CORRECTIONAL INSTITUTIONS | § |
| DIVISION, | § |
| | § |
| Respondent. | § |

## MEMORANDUM AND ORDER GRANTING
## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Pending in this proceeding brought pursuant to 28 U.S.C. § 2254 is Respondent's Motion for Summary Judgment (Document No. 11), in which Respondent argues that Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) should be dismissed as time-barred, and in the alternative, on the merits. Having considered Respondent's motion,[1] the claims Petitioner raises in this proceeding, the state court records (Document No. 8), and the applicable law, the Court ORDERS,[2] for the reasons set forth below, that Respondent's Motion for Summary Judgment is GRANTED, and this § 2254 proceeding is DISMISSED WITH PREJUDICE.

---

[1] On January 5, 2006, Petitioner was ordered to file a response to any dispositive motion filed by the respondent within thirty (30) days (Document No. 6) and none has been received to date. The Petitioner's failure to file a response would independently support the dismissal of this action for want of prosecution under FED R. CIV. P. 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772-773 (5th Cir.), *cert. denied*, 522 U.S. 875 (1997).

[2] On April 25th, 2006, pursuant to the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 14.

I.      **Procedural History**

Petitioner Curtis Lee Smith ("Smith") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-ID"), as a result of two aggravated robbery convictions in the 262nd District Court of Harris County, Texas, Causes No. 315560 and 315561. (Document No. 8); *Ex Parte Smith*, Application No. 60, 309-01 at 46-48. Smith was charged with these offenses on May 22, 1980, was found guilty by a jury on August 7, 1980, and was sentenced to thirty years incarceration on September 4, 1980. (Document No. 8). Smith appealed his convictions and concurrent sentences to Texas' First Court of Appeals. In a published opinion, entered on August 6, 1982, the Court of Appeals affirmed the District Court's judgment. Smith is not challenging the validity of these convictions in this proceeding.

On May 14, 1990, Smith was released on parole which was revoked, following a revocation hearing, on November 13, 2002. Smith was charged as "out of custody" for the time that he was on parole and consequently did not receive credit for this time towards his sentence.

On September 2, 2004, Smith filed a state application for writ of habeas corpus. On October 20, 2004, Smith's state application for writ of habeas corpus was denied by the Texas Court of Criminal Appeals without written order on the findings of the state trial court without a hearing. This § 2254 proceeding, filed by Smith on September 6, 2005,[3] followed.

In this proceeding, Smith is challenging the loss of street time credits upon revocation of his parole. Smith claims denial of due process, double jeopardy, broad constitutional violations and that

---

[3]This is the date that the court received and filed the petition. Concerning the "mailbox rule" for *pro se* prisoner filings, Smith did not date his application to allow the court to make this determination. *See Houston v. Lack*, 487 U.S. 266 (1988). This fact, however, has no effect on the outcome of this petition.

2

he should be reimbursed for restitution fees he paid while on parole. In an Order entered on November 1, 2005 (Document No. 3), all claims were dismissed except for Smith's due process claim.[4] Respondent was ordered to file an answer or other responsive pleading to the due process claim. Respondent has filed a Motion for Summary Judgment (Document No. 11), arguing that the claims raised in this proceeding are time-barred, and in the alternative, that no relief is available to Smith on his due process claim. The Petitioner did not respond.[5]

## II.  Discussion – Limitations

Under 28 U.S.C. § 2244(d), applicants for federal habeas corpus relief are subject to a one year limitations period as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] The fee reimbursement claim was dismissed without prejudice and can still be brought properly under 42 U.S.C. § 1983. (Document No. 3).

[5] As stated above, the Petitioner's failure to file a response would support dismissal of this action for want of prosecution under FED R. CIV. P. 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772-773 (5th Cir.), *cert. denied*, 522 U.S. 875 (1997).

>  (D)  the date on which the factual predicate of the claim or claims presented
>  could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (1996).

Under § 2244(d)(1)(D), the limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The factual predicate, the forfeiture of his street time credits, became known to Smith upon the revocation of his parole on November 13, 2002.[6] Smith then had, under § 2244(d), one year from November 13, 2002, until November 13, 2003, not including tolling considerations, to file a timely § 2254 application.

Section 2244(d) also provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). Smith's state application for writ of habeas corpus was filed by him on September 2, 2004, which was well after his November 13, 2003 federal deadline had expired. *Ex Parte Smith* at 2. As a result, no tolling took place. This § 2254 proceeding, filed by Smith on September 6,

---

[6]Even if the court were to take into account the time credit resolution system of the TDCJ-ID, Smith's participation in which, the court realizes, is contested by Respondent, either in determining the date of the factual predicate of the claim, or as a "collateral review" tolling consideration, the application is still time-barred. Smith claims that the date of denial of his time credits by the time credit resolution system was February 4, 2003. *Ex Parte Smith*, Application No. 60, 309-01 at 5. At a maximum, this proceeding would push Smith's deadline back by two months and twenty-one days, which will not assist Smith as he filed nearly two years late.

4

2005, was filed one year, nine months and twenty-three days beyond the one-year limitations period and is time-barred.

Rare and exceptional circumstances may warrant the application of equitable tolling principles to a late-filed habeas corpus application. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1999), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). The Fifth Circuit has approved of equitable tolling in very limited circumstances, "'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Fierro v. Cockrell*, 294 F.2d 674, 682 (5th Cir. 2002) (quoting *Coleman*, 184 F.3d at 402). The record neither demonstrates any rare and exceptional circumstances nor gives any indication that Smith diligently attempted to meet the deadline and/or was misled or prevented from doing so. As such, the remedy of equitable tolling does not apply in this situation to cure the effect of the time-bar.

### III. Discussion - Street Time Credits

Even if Smith's petition were not time-barred, the sole claim remaining in this case is that Smith had a protected property interest in the retention of his street time upon the revocation of his parole. Respondent argues in the Motion for Summary Judgment that Smith has no such interest given his prior conviction for aggravated robbery, which renders § 508.283 of the Texas Government Code inapplicable to him. Respondent further argues that the Texas Court of Criminal Appeals' rejection of this due process claim on that basis is not contrary to or an unreasonable application of

clearly established Federal law as determined by the Supreme Court nor is it based on an unreasonable determination of the facts in light of the evidence presented.

In 2001, the Texas Legislature amended § 508.283 of the Texas Government Code to allow for the retention of street time credit by some inmates. Section 508.283, however, does not apply to offenders convicted of certain offenses, including aggravated robbery. *See* TEX. GOV'T CODE §§ 508.283(b), (c); 508.149(a)(12). Smith's aggravated robbery offense makes him ineligible for the street time credit allowed for some offenders under § 508.283 of the Texas Government Code. Thus, Smith had no protected property interest in the retention of his street time credits, and no right to due process in connection with the forfeiture of such street time credits. *See Wilson v. Quarterman*, 2006 WL 1737534 (S.D. Tex. 2006). Smith's due process claim therefore fails on the merits.

### IV. <u>Conclusion and Order</u>

Based on the foregoing and the conclusion that Smith's § 2254 application was not timely filed under 28 U.S.C. § 2244(d) and that equitable tolling of the limitations period is not available, the Court

ORDERS that Respondent's Motion for Summary Judgment (Document No. 11) is GRANTED, Petitioner Curtis Lee Smith's Federal Application for Writ of Habeas Corpus (Document No. 1) is DENIED, and this § 2254 proceeding is DISMISSED WITH PREJUDICE. It is further

ORDERED that a Certificate of Appealability is DENIED. A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing

6

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.), *cert. denied*, 534 U.S. 945 (2001). When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth herein, the Court determines that reasonable jurists would neither find it debatable whether equitable tolling should apply nor whether Smith has a constitutionally protected property interest in his street time credits. Therefore, a Certificate of Appealability will not issue.

Signed at Houston, Texas, this 28th day of February, 2007.

Frances H. Stacy
United States Magistrate Judge